UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ x
                                                       :
CHARLES GEORGE, *pro se,*                              :
                                                       :
                                    Plaintiff,         :     **<u>ORDER ADOPTING</u>**
                                                       :     **<u>REPORT AND</u>**
                 -against-                             :     **<u>RECOMMENDATION</u>**
                                                       :
EQUIFAX MORTGAGE SERVICES,                             :     06-cv-971 (DLI)(LB)
                                                       :
                                    Defendant.         :
                                                       :
------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* plaintiff Charles George brought this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et. seq*. He alleges that defendant Equifax Mortgage Services ("EMS") failed to conduct a reasonable reinvestigation of his consumer credit report and committed fraud by reporting false credit information. EMS moved for summary judgment under Fed. R. Civ. P. 56. Plaintiff opposed the motion and cross-moved for summary judgment. He also moved for sanctions under Fed. R. Civ. P. 11 and to strike under Fed. R. Civ. P. 12(f). The motions were referred to U. S. Magistrate Judge Lois Bloom for a report and recommendation ("R&R"). In a R&R dated September 2, 2008, Magistrate Judge Bloom recommends that the court grant EMS's motion and deny plaintiff's motions. Plaintiff filed objections to the R&R on September 22, 2008.[1]

For the reasons set forth below, the court adopts the R&R in its entirety. EMS's motion for summary judgment is granted. Plaintiff's cross-motion for summary judgment and motions for sanctions and to strike are denied.

---

[1] The R&R informed both sides that they had ten business days from service of the R&R to file objections. The R&R was mailed on September 3, 2008. However, the Court's ECF Docket Entry erroneously set the due date for objections as September 22, 2008.

**I.      Standard of Review**

When reviewing a magistrate judge's R&R, a district judge must review *de novo* those parts of the report and recommendation to which any party objects. *See* Fed. R. Civ. P. 72(b). Uncontested portions of the report may be adopted unless they show clear error. *La Barbera v. A.F.C. Enterprises, Inc.*, 402 F. Supp. 2d 474, 476-77 (S.D.N.Y. 2005). The district court may "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b); *see also United States v. Raddatz,* 447 U.S. 667, 673-76 (1980).

**II.     Discussion**

**A.      Factual and Procedural Background**

Plaintiff originally filed suit on March 3, 2006 against the three major credit reporting agencies, Transunion Credit Bureau, Experian Credit Bureau, and Equifax Information Services, LLC ("Equifax"), alleging that they willfully made inaccurate reports in his credit file and refused to investigate the inaccuracies. On June 6, 2006, he amended the complaint to add EMS, a reseller of credit reports. As a reseller, EMS purchases credit reports from the three credit reporting agencies, assembles and merges the information, and creates a credit highlight report that presents a complete credit risk profile for each consumer it is retained to review. After a series of conferences before Magistrate Judge Bloom, the original defendants corrected their information on the plaintiff, and were dismissed from the case through stipulation.

In the R&R, Magistrate Judge Bloom determined that the amended complaint against EMS can relate back to the original complaint, and thereby overcome the statute of limitations under the FCRA. She found that plaintiff may have intended to sue EMS whose name sounds similar to that of Equifax. Nonetheless, she ultimately concluded that EMS is entitled to

summary judgment on plaintiff's FCRA claims because there was no evidence that EMS knew about the alleged inaccuracies in plaintiff's credit reports before he filed this lawsuit. Under the FCRA, EMS is required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e. A credit reporting agency has no general duty to reinvestigate the accuracy of credit reports prior to being notified of a dispute in accuracy. *Casella v. Equifax Credit Info. Serv.*, 56 F.3d 469, 473 (2d Cir. 1995). EMS's procedures require that a consumer first notify EMS of a dispute before the company will investigate disputed information in its credit highlight reports. According to the R&R, there was no evidence that plaintiff notified EMS of his dispute before he filed this action.

### B. Plaintiff's Objections

First, plaintiff objects broadly to all "derogatory findings" in the R&R. Such a non-specific and frivolous objection amounts to a procedural default. *La Grande v. Adecco*, 410 F.Supp. 2d 96, 97 (N.D.N.Y. 2006).

Second, plaintiff attempts to argue, more specifically, that EMS did in fact know about his dispute prior to this action. He produced U.S. Postal Service certified mail receipts, directed to EMS and dated May 15 and May 31, 2006, as evidence of his correspondence with EMS. (Exh. A to Objections). These mailings were made before EMS was named a defendant but after the original complaint was filed. Since the amended complaint relates back to the original complaint, the action against EMS is therefore deemed to have been initiated on March 3, 2006. Therefore, these mailing receipts cannot establish that EMS had prior notice of the dispute before the action is filed.

Plaintiff also argues that he had notified Equifax prior to initiating this lawsuit, and that EMS, as a division of Equifax, therefore should have knowledge of his notification. EMS, now known as Equifax Mortgage Solutions, was a division of Equifax. (Declaration of Michael Tusevicus, ¶ 1 (ECF Dkt. No. 54-4)). Plaintiff's attempt to impute Equifax's knowledge of his dispute to its subsidiary, EMS, fails as a matter of law. "[T]he fact that two or more corporations have officers or agents in common will not of itself impute the knowledge gained by such officers while acting for one corporation to another corporation in which they also hold office." 18B Am. Jur. 2d *Corporations* § 1454. "Before a parent [corporation]'s knowledge will be imputed to its subsidiary, it must be shown that the parent's employees informed of the [dispute] were under a duty to report that information to the subsidiary." *D C Comics, Inc. v. Power*, 465 F. Supp. 843, 849 n.8 (S.D.N.Y.1978). Equifax is a credit reporting agency, and EMS is a reseller that buys information from Equifax and its two competitors. There is no evidence that Equifax had any special duty, under FCRA or at common law, to forward disputes that it receives to EMS.

Furthermore, the record shows that plaintiff had notice prior to this action that EMS was a separate entity involved in the processing of his credit profile reports. A credit highlight report of the plaintiff's credit risk profile, dated December 22, 2005, clearly identifies EMS as the preparer of the report and provides EMS's contact information. (Exh. D to Deft.'s memo. of law in support of summary judgment, (ECF Dkt. No. 54-5)). EMS did not conduct business under the appearance of Equifax. Equifax's knowledge of his disputes do not impute to EMS. Plaintiff simply failed to apprise EMS of his dispute prior to filing this action. His objections are without merit. The court finds no clear error with the remaining portions of the R&R.

## III. Conclusion

Accordingly, the R&R is adopted in its entirety. Defendant's motion for summary judgment is granted. Plaintiff's cross-motion for summary judgment and motions for sanctions and to strike are denied.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2008

_____/s/_____
DORA L. IRIZARRY
United States District Judge