```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
CHARLES GEORGE, pro se,                                  :
                                                         :         **SUMMARY ORDER**
                              Plaintiff,                 :
                                                         :         06-CV-971 (DLI)(LB)
              -against-                                  :
                                                         :
EQUIFAX MORTGAGE SERVICES,                               :
                                                         :
                              Defendant.                 :
-------------------------------------------------------- x
```

**DORA L. IRIZARRY, United States District Judge:**

On September 30, 2009, the court granted defendant Equifax Mortgage Services' ("EMS") motion for summary judgment and denied Plaintiff George's cross-motion for summary judgment, motion for sanctions, and motion to strike. *See generally George v. Equifax Mortg. Servs.*, 2008 WL 4425299 (E.D.N.Y. Sept. 30, 2008). On April 28, 2010, the Second Circuit Court of Appeals affirmed this decision with respect to all of Plaintiff's motions. *See George v. Equifax Mortg. Servs.*, 375 F. App'x 76, 78 (2nd Cir. 2010). The Second Circuit vacated this court's decision with respect to EMS' summary judgment motion, and remanded it for further proceedings. *See id.* For the reasons set forth below, EMS's motion for summary judgment is again granted.

## BACKGROUND

EMS purchases credit reports from credit reporting agencies, assembles the information, and creates a credit highlight report that presents a complete credit risk profile for each consumer it is retained to review. Plaintiff brought suit under the Fair Credit Reporting Act ("FCRA"), alleging that EMS failed to conduct a reasonable investigation of his credit reports and committed fraud by reporting false credit information. This court originally granted EMS' motion for summary judgment because, *inter alia*, Plaintiff "inadequately alerted EMS of his

dispute before commencing this action," as was required by law. *George*, 375 F. App'x at 78. This determination, in turn, was partly based on the court's rejection of Plaintiff's argument that the knowledge held by Equifax,[1] a credit reporting agency, could be imputed to EMS. *See George*, 2008 WL 4425299, at *2.

However, in the course of its analysis, this court mistakenly referred to EMS as a subsidiary, instead of a division, of Equifax. As the Second Circuit stated, "[i]t was . . . error to apply . . . the rules that limit the imputation of a *parent* corporation's knowledge to its *subsidiary*; the relevant question was whether a court can impute knowledge from one *division* of a corporation to another . . . ." *Id.* (emphasis in original). The Circuit accordingly vacated this court's grant of summary judgment to EMS. However, in so doing, the Circuit invited this court to consider whether "any other alternative grounds support its grant of summary judgment," in particular, EMS's argument concerning "the lack of proof of actual damages." *Id.* at 79. As this argument was already briefed in the parties' original motion papers, the court considers it ripe for decision.

## DISCUSSION

The FCRA protects consumers who are applying for "credit or insurance to be used primarily for personal, family, or household purposes." 15 U.S.C. § 1681a(d)(1)(A). Under the FCRA, credit reporting agencies can be "liable to the consumer for actual damages sustained . . . and, in the case of willful noncompliance, punitive damages." *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995) (citations and internal quotation marks omitted). Plaintiffs "bear[] the burden of proving actual damages sustained." *Id.*

---

[1] Equifax was originally a defendant to this action, and was dismissed via stipulation on July 24, 2006. (*See* Docket Entry No. 26.)

2

Here, pursuant to the FCRA, Plaintiff sought, for "[v]iolations that [were] deliberate and intentional[,] $200,000.00 and . . . punitive damages." (Am. Compl. 2.) With respect to compensatory damages, Plaintiff stated that due to EMS' allegedly erroneous credit report, he lost "$200,000.00 worth of Equity value" in a house that he "would have owned . . . cash by now," was denied credit and jobs, and "los[t] favorable business opportunities." (*Id.* at 13–14.) As an initial matter, it is well established that the FCRA does not apply to business or commercial transactions, even when a consumer's credit report impact such transactions. *See, e.g.*, *Yeager v. TRW, Inc.*, 961 F. Supp. 161, 162 (E.D. Tex. 1997); *Podell v. Citicorp Diners Club*, 914 F. Supp. 1025, 1036 (S.D.N.Y. 1996); *Sizemore v. Bambi Leasing Corp.*, 360 F. Supp. 252 (N.D. Ga. 1973); *Fernandez v. Retail Credit Co.*, 349 F. Supp. 652 (E.D. La. 1972). Accordingly, Plaintiff's claim for damages due to lost business opportunities is not actionable under the FCRA.

With respect to Plaintiff's other compensatory claims, EMS argues that Plaintiff "has provided no evidence of specific damages that he has incurred . . . due to any violations [of the FCRA] by EMS," and further states that Plaintiff "has not answered EMS' written discovery to show that he was ever denied a loan." (Docket Entry No. 54 ("Def.'s Mem. in Supp. of Summ. J.") at 9–10.) Plaintiff does not contest these arguments, and merely repeats his allegation that, due to EMS' alleged violations of the FCRA, "I could not purchase [] houses and leverage the equity in the houses once they [were] fixed up via a refinance or sale." (Docket Entry No. 56 ("Pl.'s Opp'n") at 8.) Such unsubstantiated allegations, in the absence of affirmative evidence, are insufficient to survive a motion for summary judgment. *See Burns v. Bank of America*, 655 F. Supp. 2d 240, 250 (S.D.N.Y. 2008); *Caltabiano v. BSB Bank & Trust Co.*, 387 F. Supp. 2d 135, 142 (E.D.N.Y. 2005); *see also Casella*, 56 F.3d at 475 (granting summary judgment for

defendant where plaintiff "identified no bank that was interested in giving him a home mortgage").

With respect to Plaintiff's claim for punitive damages, to be liable for such damages under the FCRA, a defendant must "willfully fail to comply with any requirement" of that statute. *Northrop v. Hoffman of Simsbury, Inc.*, 12 F. App'x 44, 50 (2d Cir. 2001) (citations and internal quotation marks omitted). Specifically, "a plaintiff must show that a defendant knowingly and intentionally [violated the FCRA] in conscious disregard for [that plaintiff's] rights." *Id.* (citations and internal quotation marks omitted). This typically occurs in cases where credit reporting agencies "intentionally misled consumers or concealed information from them." *Reed v. Experian Info. Solutions, Inc.*, 321 F. Supp. 2d 1109, 1116 (D. Minn. 2004) (citation omitted). In contrast, the mere failure to correct a plaintiff's inaccurate credit information, even after notification of the inaccuracy, does *not* constitute a willful failure to comply with the FCRA. *See, e.g.*, *Cousins v. Trans Union Corp.*, 246 F.3d 359, 373–74 (5th Cir. 2001); *Casella*, 56 F.3d at 476; *Thomas v. Gulf Coast Credit Servs., Inc.*, 214 F. Supp. 2d 1228, 1238–39 (M.D. Ala. 2002).

Here, Plaintiff's only basis for punitive damages is his claim that EMS "knowingly and [i]ntentionally commit[ed] [f]raud by reporting information . . . that they kn[e]w and/or should have known was false." (Am. Compl. 3.) He presents no independent evidence that EMS either intentionally misled him or concealed information from him. (*See generally* Pl.'s Opp'n.) Accordingly, the claim for punitive damages is unable to withstand EMS' summary judgment motion. *See Gorman v. Experian Info. Solutions Inc.*, 2008 WL 4934047, at *9 (S.D.N.Y. Nov. 19, 2008) (granting summary judgment where plaintiff "failed to set forth any evidence demonstrating that [defendant] showed reckless disregard for the FCRA requirements"); *see also Casella*, 56 F.3d at 476 (affirming dismissal of punitive damage claims where the plaintiff "had

presented no evidence that [defendants] acted willfully" in failing to correct plaintiff's credit information).

As a final matter, "[t]he majority of courts have concluded that injunctive relief is available only in [FCRA] suits brought by the Federal Trade Commission." *Collins v. Experian Credit Reporting Serv.*, 2005 WL 2042071, at \*7 n.2 (D. Conn. Aug. 24, 2005) (citations omitted). Plaintiff's claim for injunctive relief is, accordingly, denied.

## CONCLUSION

In sum, because there is simply no evidence on the record that would enable a reasonable jury to find that Plaintiff is entitled to either compensatory or punitive damages, and because there is no statutory basis for injunctive relief, Defendant EMS' motion for summary judgment is GRANTED, and Plaintiff's FCRA action is DISMISSED, with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
      October 5, 2010

                                                                  /s/
                                        DORA L. IRIZARRY
                                    United States District Judge